354 P.2d 94

George D'AMBROSIO and Theresa D'Am-
brosio, Plaintiffs and Respondents,

v.

Francis C. LUND, Defendant and Appellant.

No. 9202.

Supreme Court of Utah.

July 15, 1960.

G. Hal Taylor, Salt Lake City, for appellant.

Sumner J. Hatch, Salt Lake City, for respondents.

WADE, Justice.

George and Theresa D'Ambrosio, plaintiffs below and respondents herein, commenced this action by a complaint seeking the return of $500 from Francis C. Lund, defendant below and appellant herein, in which they alleged that they gave the defendant this sum for stock they never received in a corporation defendant was to form. Defendant's answer admitted receipt of a check for that purpose but alleged further that such corporation was the Cottonwood Uranium Corporation, a Nevada corporation, and in such answer made tender of 500 shares of the par value of $1 in that corporation to plaintiffs.

At a pretrial conference it was decided that the issues to be determined were whether a corporation was formed and if it had been formed, whether defendant failed to deliver the stock and whether there was a difference in value between the time the stock should have been delivered and the time it was delivered.

At the trial the evidence, viewed in the light most favorable to plaintiffs, disclosed that plaintiff, George D'Ambrosio, to whom we shall hereafter refer as D'Ambrosio, wanted to invest in uranium stock, and knowing that defendant was actively engaged in incorporating uranium companies, told defendant he was interested in making an investment in a good uranium stock. About July, 1954, defendant told D'Ambrosio he was forming a uranium corporation which would be a good investment. Around the first of August, 1954, D'Ambrosio gave defendant a check for $500 with which defendant was to purchase stock in the corporation which was to go on the market at about five cents a share. Defendant placed this check in a trust account in his bank and shortly thereafter gave $500 to a Mr. Kipp, who, defendant testified, was a promoter of and a director at the time of the incorporation of the Cottonwood Uranium Corporation in April, 1955. Defendant cleared this corporation through the Securities and Exchange Commission for sale of its stock to the public. However, defendant testified that he had no knowledge of that stock ever having been put on the market for sale, and even though its assets were uranium properties which were to be paid for by stock in this corporation, he did not know that such stock was ever issued for such purpose or that any stock other than the certificate he tendered plaintiffs had ever been issued by the corporation.

The evidence further discloses that although D'Ambrosio made many requests and demands upon defendant for the stock for which he had paid or for his money

back, defendant did not tell D'Ambrosio he had invested the money in Cottonwood Uranium Corporation until some time in 1956, nearly two years after he had received the money. At the time the check was given to defendant, D'Ambrosio was led to believe that the name of the corporation which defendant was incorporating and in which D'Ambrosio thought defendant was to purchase stock for him was to be named Western States or Western Minerals. However, when advised two years later by defendant that the stock he purchased was in the Cottonwood Uranium Corporation, D'Ambrosio did not object to accepting this stock if it would be delivered in 30 to 60 days, but insisted that he get either stock or his money back. Receiving neither, this suit was finally commenced about two years later for the return of the money, and it was only after this action was commenced that defendant obtained and tendered the stock in the Cottonwood Uranium Corporation. By this time the Cottonwood Uranium Corporation had been inactive for about one and one-half years.

The court as the trier of the facts found that defendant represented that he would purchase stock in a uranium corporation for plaintiffs and that shortly after he received plaintiffs' check for $500 he gave that amount to a Mr. Kipp. The court further found there was no evidence the Cottonwood Uranium Corporation ever received this money. The court found the stock to be valueless and that to the best of plaintiffs' knowledge this corporation had no assets, and no other stock had been issued by it except that tendered into court by defendant for plaintiffs.

The court concluded that the money was never invested in the uranium company which had been contemplated and agreed to by the parties, that defendant had not accounted for these funds and that plaintiffs were entitled to a judgment for $500 plus interest, which it granted. This appeal is from that judgment.

Appellant contends that the court erred in failing to make a finding on a material issue in defendant's affirmative defense which was that the Cottonwood Uranium Corporation stock was purchased by defendant pursuant to plaintiffs' instruction. He argues that the only finding which the evidence warrants is that the stock in the Cottonwood Uranium Corporation was purchased pursuant to plaintiffs' instructions and had the court not failed to make a finding on that issue it would have been compelled to give a judgment in favor of defendant because of the tender of this stock by the defendant to plaintiffs. We do not agree.

The court as the trier of the facts found that there was no evidence that the $500 given to defendant by the plaintiffs was received by the Cottonwood Uranium Corporation of $1 par value. This finding in

conjunction with the trier's finding that defendant paid this money to a Mr. Kipp, whom he identified as a promoter of the Cottonwood Uranium Corporation, could only mean there was no evidence that Mr. Kipp put this money into the Cottonwood Uranium Corporation for stock to be issued to plaintiffs. This disposes of defendant's contention that the court failed to make a finding on a material issue in his affirmative defense, that is, that the stock was purchased in pursuance to plaintiffs' instructions.

■ We are also of the opinion that there is no merit to his argument that the evidence compels a favorable finding to defendant on this issue. From the facts and circumstances that many requests and demands over a period of four years failed to induce a delivery of the stock, and that only after suit was commenced and after the Cottonwood Uranium Corporation had been inactive for approximately one and one-half years was stock issued and given to defendant who incorporated this company, and from the further fact that plaintiffs were not informed until at least two years after their money was given to Mr. Kipp that their money had been invested in a uranium company called Cottonwood Uranium Corporation, the trier of the facts could reasonably infer that the stock when issued was not issued because of any payment made to this corporation by plaintiffs for this stock. The further fact that Mr. D'Ambrosio was willing to accept stock in the Cottonwood Uranium Corporation two years after he had given defendant the $500 to invest for him if defendant would deliver that stock within 30 or 60 days is not inconsistent with the finding that their money was not invested in Cottonwood Uranium Corporation stock. Why the stock was issued after this action was started is peculiarly within the knowledge of defendant but is not revealed in the record before us.

■ Defendant's contention that there was no substantial evidence to support the court's finding that the stock he tendered is valueless is also without merit. Defendant testified that though at the time he cleared this corporation with the Securities and Exchange Commission in April, 1955, he knew that the corporation had some cash and uranium claims which were to be paid for by stock in the corporation, nevertheless did not know whether any such stock had been issued for such claims, nor for that matter whether any stock other than the certificate tendered plaintiffs had ever been issued by the corporation. Here again these facts coupled with the further fact that the stock was not issued until the corporation had become inactive are sufficient evidence to support the finding that the stock is valueless.

We also find no merit to defendant's contention that judgment for the plaintiffs was

erroneous because it was not granted on issues embraced within the pleadings or the pretrial order. One of the issues embraced in the pretrial order was whether there was a difference in value between the time the stock was delivered and when it should have been delivered. The evidence discloses that plaintiffs were willing two years after they had given defendant the money to invest in a uranium corporation to accept stock in the Cottonwood Uranium Corporation for this money if defendant would deliver to them stock in this corporation within 30 to 60 days. The Cottonwood Uranium Corporation was not yet inactive at that time as defendant testified it had been inactive only about a year or a year and a half before plaintiffs' action was commenced. From this fact and the fact that defendant, who was in a position as its incorporator to know, testified that at the time of the incorporation of the Cottonwood Uranium Corporation it had cash assets, a reasonable conclusion is that plaintiffs were damaged by the failure of defendant to deliver the stock when it should have been delivered, and that the difference in value was $500, the par value of the stock of an active corporation, and no value as the stock of an inactive corporation. This was one of the issues in the trial and defendant, had he desired, had plenty of opportunity to meet this issue.

Affirmed. Costs to respondents.

CROCKETT, C. J., and CALLISTER, J., and LEWIS JONES, District Judge, concur.

JOSEPH G. JEPPSON, District Judge, concurred in the result.

HENRIOD and McDONOUGH, JJ., do not participate.·